NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LUIS GONZALEZ,

        Plaintiff,

   v.

ATLANTIC COUNTY
PROSECUTOR'S OFFICE, et al.,

        Defendants.

Civil No. 06-4444 (NLH)

O P I N I O N

APPEARANCES:

   LUIS GONZALEZ, Plaintiff pro se
   #135314
   Atlantic County Justice Facility
   Mays Landing, New Jersey 08330

NOEL L. HILLMAN, District Judge

THIS MATTER has come before the Court pursuant to Plaintiff's filing of a complaint with multiple co-plaintiffs, pursuant to 42 U.S.C. § 1983. See Hennessey v. Atlantic Co. Dept. Of Public Safety, Civil No. 06-143 (NLH).

On September 18, 2006, this Court entered its Opinion and Order permitting certain conditions of confinement claims in Hennessey v. Atlantic Co. Dept. Of Public Safety, Civil No. 06-143 (NLH), to proceed for the purposes of entertaining those claims

1

with respect to certain plaintiffs, severing all other claims and directing the Clerk of the Court to open this new case and granting Plaintiff leave to file an amended complaint within 30 days thereafter with respect to the severed claims.

On October 16, 2006, the Office of the Clerk of Court received a letter from Plaintiff. In his letter, Plaintiff requested extension of time to file Plaintiff's amended complaint. On November 8, 2006, this Court granted Plaintiff 90 day extension to file Plaintiff's amended complaint. On November 28, 2006, the Court received Plaintiff's amended complaint reading as follows:

> I believe the prosecutor . . . violated my rights by bringing my pas[t] criminal history . . . , so this is clearly grounds for a mistrail. I believe the public defender office misrepresented me at my trial due to the fact [that] this was my third court appointed attorney from the public defender['s] office. [Relief:] I would like the U.S. District Court to grant me a new trial. Also[,] I would like to have a pool attorney represent me at trial.

Compl. ¶¶ 3-5.

### STANDARD OF REVIEW

In 1996, Congress enacted the Prison Litigation Reform Act ("PARA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United

States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants. However, in determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id. Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Under this standard, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## DISCUSSION

### A. Defendants Cannot Be Liable in This Action

Plaintiff's claims against the prosecutor of Plaintiff's underlying criminal case are barred because prosecutors are absolutely immune from actions under § 1983 for "initiating and pursuing a criminal prosecution." Kalina v. Fletcher, 522 U.S. 118 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409 (1976)).

Similarly, Plaintiff's claims against his public defenders, either the latest one or those representing Plaintiff previously, are similarly without merit. To recover against a defendant under 42 U.S.C. § 1983, a plaintiff must establish that the defendant acted under "color of [state] law" to deprive him of a right secured by the federal Constitution or laws. See Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995). Section 1983 does not create substantive rights; rather, it provides an avenue of recovery for the deprivation of established federal constitutional and statutory rights. See Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996); Groman, 47 F.3d at 633. "The color of state law . . . is a threshold issue; there is no liability under [Section] 1983 for those not acting under color of law." Id. at 638. The color of state law element in a section 1983 action requires that "the conduct allegedly causing the deprivation of [the plaintiff's rights] be fairly attributable to the State." Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982). For the conduct to be "fairly

4

attributable" to the State, (1) the deprivation must be caused by (a) the exercise of some right or privilege created by the State or (b) by a rule of conduct imposed by it or by a person for whom the State is responsible, and (2) the defendant must be a person who may fairly be said to be a state actor, either because the person (a) is a state official, (b) acted together with or has obtained significant aid from state officials, or (c) performed conduct otherwise chargeable to the State. See id. at 936-39.

It is well-settled that neither a privately retained counsel nor a court-appointed public defender who performs a lawyer's traditional function as counsel to a defendant in a criminal proceeding could be deemed as acting under color of law. See Polk County v. Dodson, 454 U.S. 312, 325 (1981). Whether court-appointed or privately retained, a defense attorney represents only her client and not the state.[1] See Johnson v. Kafrissen, 1995 U.S. Dist. LEXIS 8072, at *2 (E.D. Pa. June 5, 1995).

---

[1] The only exception lies if a defense counsel conspires with the prosecution. For a conspiracy claim, there must be evidence of (1) an actual violation of a right protected under § 1983, and (2) actions taken in concert by defendants with the specific intent to violate that right. See Williams v. Fedor, 69 F. Supp.2d 649, 665-66 (M.D.Pa.), aff'd, 211 F.3d 1263 (3d Cir. 2000) (citing Kerr v. Lyford, 171 F.3d 330, 340 (5th Cir. 1999)); see also Parkway Garage, Inc. v. City of Phila., 5 F.3d 685, 700 (3d Cir. 1993) (plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law); Kelley v. Myler, 149 F.3d 641, 648-49 (7th Cir. 1998) (an agreement or an understanding to deprive the plaintiff of constitutional rights must exist). Plaintiff, however, does not assert that his counsel conspired with the prosecutors.

Therefore, Plaintiff's claims against Defendants have no merit. Plaintiff's claims against the prosecutor are barred by absolute immunity and have to be dismissed with prejudice. Plaintiff's claims against the Office of Public Defender should be similarly dismissed with prejudice because Plaintiff failed to satisfy the color of law requirement.

**B.   Plaintiff's Claims Are Not Viable at the Instant Stage**

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a claim under § 1983, a plaintiff "must indicate: (1) of what constitutional or federal right he was deprived, and (2) how he was deprived of that right under color of state law." Gibson v. Superintendent of N.J. Dept. of Law and Public Safety, 411 F.3d 427, 433 (3d Cir. 2005); see also West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

6

"When evaluating a claim brought under § 1983, we must first 'identify the exact contours of the underlying right said to have been violated' in order to determine 'whether [plaintiff] has alleged a deprivation of a constitutional right at all.'" Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)); accord Gibson, 411 F.3d at 433 ("The first step in evaluating a § 1983 claim is to identify the specific constitutional right infringed"). The Court next determines whether the defendant can be held liable for that violation. Natale, 318 F.3d at 581; Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000).

Liberally construing Plaintiff's allegations, the Court reads the Complaint as asserting that Plaintiff's conviction in the underlying criminal case deprived him of liberty in violation of due process of law.

However, the exclusive federal remedy for an inmate challenging the fact of his confinement is a petition for a writ of habeas corpus which requires the exhaustion of state court remedies. See Preiser v. Rodriquez, 411 U.S. 475 (1973). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas

7

corpus." Preiser, 411 U.S. at 500; see also Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Brown v. Fauver, 819 F.2d 395 (3d Cir. 1987).

Moreover, to the extent that Plaintiff seeks declaratory and injunctive relief other than release, his claims have not accrued because a favorable judgment would necessarily imply the invalidity of his underlying criminal conviction. See Heck v. Humphrey, 512 U.S. 477 (1994).[2] Where success in a plaintiff's § 1983 damages action would implicitly question the validity of confinement, the plaintiff must first achieve favorable termination of his available state, or federal habeas, opportunities in order to obtain relief under § 1983 the underlying decision to confine him. See Muhammad v. Close, 540 U.S. 749, 751 (2004). Because federal habeas petitions may not be granted unless available state court remedies have been exhausted, see 28 U.S.C. § 2254(b)(1)(A), "conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas serve[s] the practical objective of preserving limitations on the availability of habeas remedies." Id.

---

[2] The Supreme Court held in Heck v. Humphrey, 512 U.S. 477 (1994), that an action under § 1983 seeking damages for allegedly unconstitutional conviction or incarceration is not cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-7.

8

Plaintiff's allegations in the instant Complaint do not indicate that his criminal conviction has been overturned or invalidated in the state courts, or called into question by the issuance of a writ of habeas corpus. Thus, at this time, Plaintiff's challenge to the outcome of the underlying criminal proceedings is not cognizable under § 1983 and should be dismissed.

## CONCLUSION

The Court grants Plaintiff's application to file the Complaint in forma pauperis and DISMISSES the Complaint WITH PREJUDICE.

An appropriate order accompanies this Opinion.

_____
NOEL L. HILLMAN
United States District Judge

Camden, New Jersey